IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


ERNESTO GONZALEZ SILVA,           )
                                  )
              Petitioner,          )
                                  )
         v.                        )     1:08CV064
                                  )
SANDRA F. THOMAS, Admin.,          )
Lumberton Corr. Inst., et al.,     )
                                  )
              Respondents.         )


**MEMORANDUM OPINION AND RECOMMENDATION
OF MAGISTRATE JUDGE ELIASON**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 4, 2005, Petitioner pled guilty in Surry County Superior Court to attempted trafficking in more than 400 grams of methamphetamine by transportation and two courts of attempted trafficking in more than 400 grams of methamphetamine by possession. In accordance with his plea bargain, he was sentenced to three consecutive terms of 64-86 months each in cases 04-CRS-53910, -53911, and -51663. Petitioner did not appeal. Then, on September 14, 2006, Petitioner filed the first in an extensive array of pro se post-conviction filings in the state courts. His initial filing, a pro se certiorari petition seeking a belated appeal in the North Carolina Court of Appeals, was dismissed without prejudice by that court on September 26, 2006 so that Petitioner could pursue a motion for appropriate relief ("MAR") in superior court. Petitioner also filed a "Petition for Motion for Appropriate Relief of Appellate Court & Motion Sua

Sponte" in the North Carolina Court of Appeals on September 22, 2006, during the pendency of the prior petition. On September 28, 2006, this, too, was dismissed without prejudice in an effort to allow Petitioner to file in the trial court. However, Petitioner did not heed the court's advice, and instead filed a pro se certiorari petition in the North Carolina Supreme Court, again seeking a belated appeal. This petition, filed October 19, 2006, was dismissed on November 16, 2006 by order witnessed November 21, 2006.

On January 26, 2007, Petitioner finally filed his first pro se motion in Surry County Superior Court. Although labeled a "Motion to Vacate Plea or Inter Alia to Withdraw Plea," the court treated the motion as an MAR and summarily denied it on February 16, 2007. Petitioner then appears to have filed a pro se notice of appeal and a pro se certiorari petition in the North Carolina Court of Appeals on March 20, 2007 and May 8, 2007, respectively. However, the records of that court do not reflect the filings, and no action was taken regarding them. On August 21, 2007, Petitioner filed a second pro se MAR in Surry County Superior Court. On September 4, 2007, it, like his earlier motion, was denied. Petitioner then filed a pro se certiorari petition in the North Carolina Court of Appeals on September 18, 2007, and following a denial of certiorari on October 4, 2007, he sought discretionary review in the North Carolina Supreme Court. The latter petition, filed October 18, 2007, was denied on November 8, 2007. Petitioner ultimately filed

-2-

Case 1:08-cv-00064-JAB-RAE   Document 11   Filed 05/29/08   Page 2 of 7

his pending pro se federal habeas petition in this Court on January 24, 2008.

## Discussion

Respondent requests dismissal on the ground that the petition was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA and its amendments apply to all Section 2254 petitions filed after its effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997). Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another, meaning that both are "ordinary statutes of limitation and not jurisdictional bars." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

The one-year period for habeas petitions starts running from the date the conviction becomes final at the end of direct review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time to file such a petition. Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002); see also United States v. Segers, 271 F.3d 181 (4th Cir. 2001)(federal conviction).

The limitation period is tolled while state post-conviction proceedings are pending. Harris, supra. The suspension is for "the entire period of state post-conviction proceedings, from

-3-

initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, the tolling does not include the time to file a certiorari petition to the United States Supreme Court from denial of state post-conviction relief. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999).

The Fourth Circuit, as well as a number of other courts, have also held that the one-year limitation period is subject to equitable tolling in two limited circumstances. Harris, supra; Sandvik, 177 F.3d at 1271 (collecting cases). First, it may apply when the petitioner has been unable to assert claims because of wrongful conduct of the state or its officers. Second, it may apply when extraordinary circumstances beyond the prisoner's control prevent him from timely filing despite diligent attempts to do so. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000).

In contrast, unfamiliarity with the legal process, lack of representation, and illiteracy do not constitute grounds for equitable tolling. Harris, supra; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, mistake of counsel does not serve as such a ground, Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999); Sandvik, 177 F.3d at 1272, nor do prison conditions, including lockdowns or misplacement of legal papers, Akins, 204 F.3d 1086. Finally, a prisoner must show diligence not only at the federal level, but throughout the entire post-conviction process in order

-4-

to have equitable tolling available to him.  Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999).

In the instant case, Petitioner's conviction became final for purposes of direct review on November 4, 2005, the day the trial court entered judgment his case.  Because Petitioner pled guilty, he had no right to appeal.[1]  This means that his time to file his habeas petition under AEDPA expired 365 days after that date, i.e., on November 4, 2006, unless he can show that he filed further state court requests for review during that time period which tolled the running of the limitations period.  As described above, Petitioner filed numerous state court requests for review, several of which were filed within a year of his conviction.  The State points out certiorari petitions and direct filings in the court of appeals do not serve as a substitute for a properly filed MAR and do not serve to toll the limitations period.  Moreover, even if the Court were to assume that all of Petitioner's filings tolled the running of his limitations period, the pending habeas petition is still untimely.

Notably, by the time Petitioner filed his first petition in state court on September 14, 2006, only 51 days of his one-year AEDPA period remained.  When the North Carolina Court of Appeals denied his final state court petition on November 8, 2007, he had only 51 days left to timely file a federal habeas petition.  Yet,

---

[1] Because Petitioner pled guilty and does not contend that his sentence was in error, Respondent argues that he had no right to appeal.  See N.C. Gen. Stat. § 15A-1444(a1).  However, even if Petitioner was so entitled, the additional ten days this right adds to his limitation period does not make his petition timely.

-5-

Petitioner waited 77 days to file the instant petition on January 24, 2008, making that petition time-barred, even under any circumstance.

In fact, Petitioner apparently does not contend that his claims are timely. He instead asserts that his inability to speak English and his unawareness "of all the administrative and legal procedures available for his case" prevented him from filing within the limitations period. (See Docket No. 2, p. 14.) Neither of these situations constitute an extraordinary circumstance beyond Petitioner's control which made it impossible to timely file his claims. Significantly, the federal courts have explicitly held that a petitioner's unfamiliarity with legal procedures is insufficient to equitably toll the one-year limitation period for habeas petitions, regardless of whether that unfamiliarity is due to illiteracy or any other reason. See, e.g., Turner, 177 F.3d at 392. Petitioner's contention that he may be entitled to equitable tolling as a non-English-speaker also encounters an additional problem. Even where such an exception has been recognized, the courts have held that a non-English speaking petitioner "must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure legal materials in his own language or translation assistance from an inmate, library personnel, or other source." Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006). Here, in contrast, Petitioner admits that each of his many filings, both during his limitations period and afterward, were translated into English by his family

members.  (Docket No. 2, p. 14.)  And, his multiple filings negate his contention of lack of ability.  Thus, Petitioner has not shown that equitable tolling is warranted in this case.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 8) be granted, that the habeas petition (docket no. 2) be denied, and that Judgment be entered dismissing this action.

*/s/ Russell A. Eliason*
**United States Magistrate Judge**

May 29, 2008